UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAIME LUIS RODRIGUEZ, Jr.,

                Plaintiff,

-against-

SGT. KNAPP, 83RD PCT.OFFICER
MCRANN, 83 PCT.; NYC POLICE
DEPARTMENT, 83 PCT.; POLICE
COMMISSIONER RAYMOND KELLY; and
THE CITY OF NEW YORK,
                Defendants.
----------------------------------------------------------X

**AMENDED
MEMORANDUM AND ORDER**
12 CV 3253 (CBA)(CLP)

AMON, Chief United States District Judge

Plaintiff Jaime Luis Rodriguez, Jr., detained at Rikers Island,[1] brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2012. Rodriguez's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The 83rd Precinct of the New York City Police Department ("N.Y.P.D.") is dismissed as a defendant. Plaintiff's claims against Sergeant Knapp, Officer Mcrann, Police Commissioner Raymond Kelly, and the City of New York may proceed.

## BACKGROUND

Rodriguez alleges that he was walking home during the early morning hours of June 7, 2012 when he was stopped by two policemen in an unmarked police car. Although it is not entirely clear from the complaint, it appears that these police officers, whom Rodriguez describes

---

[1] It is unclear whether plaintiff is still detained at Rikers Island. Regardless, because he was incarcerated at the time he filed his complaint, he is considered a "prisoner" under Section 1915A. See Gibson v. Comm'r of Mental Health, No. 04-cv-4350 (SAS), 2006 WL 1234971, *3 (S.D.N.Y. May 8, 2006) ("[C]ourts have determined that the PLRA does apply to a prisoner who filed suit during his confinement and thereafter was released from prison.").



1

as a "sergeant on the passenger side and a rookie officer who was driving," are the named defendants Sergeant Knapp and Officer Mcrann. (Compl. at 4.)[2] Plaintiff alleges that he was handcuffed and placed inside the unmarked cruiser. (Id. at 5.) According to plaintiff, while he was in the car, the officers ignored his complaints that the handcuffs were too tight and that he was in pain. (Id. at 5.) Plaintiff alleges that when he asked the officers why he was being arrested, the "rookie officer" (presumably Officer Mcrann) replied that he stopped plaintiff because he had been walking with a cane, and the officer did not believe that he needed a cane to walk. (Id.).

Once at the 83rd Precinct, plaintiff asked the desk sergeant why he was being arrested, and the sergeant replied that plaintiff was being arrested for possession of crack-cocaine. (Id.). Plaintiff began to scream that he was being set up. (Id.). At that point, other officers allegedly "grabbed [plaintiff] and forced [him] to the cell area where they tightened the handcuffs more and pushed [him] into a cell." (Id.) Some time later, he alleges, "two officers" entered the cell, pulled him up by the handcuffs, tossed him onto his back (thereby exacerbating an existing back injury), and repeatedly banged his head against the cell wall. (Id. at 6.) It is unclear whether the "two officers" plaintiff references are Sergeant Knapp and Officer Mcrann or two different individuals. Plaintiff states that this caused intense pain, and that he screamed and cried for hours and asked for medical attention, which was denied. (Id.) Plaintiff claims that his head was severely swollen and that his back hurt immediately after this encounter. (Id.)

Plaintiff alleges that he ultimately was charged (and apparently convicted) with disorderly conduct, and that he received a sentence of one day community service and a $120.00

---

[2] As the page numbers of the complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System.

fine. (Id.). Plaintiff does not indicate the disposition of the drug possession charge. Moreover, plaintiff alleges that the Assistant District Attorney's complaint cited a "bulge" in plaintiff's pants as the reason for stopping him, not his use of the cane as allegedly stated by the "rookie officer" at the time of plaintiff's arrest.

Plaintiff alleges that the incident caused his wrists to be badly swollen and deeply scarred and caused loss of feeling in his hands. (Id. at 8.) He states that he had a cat scan for the swelling in his head, that he suffers migraine headaches, and that his herniated disk was "reinjured" and causes him a lot of pain. (Id.) Moreover, he alleges that the incident has resulted in a worsening of his existing conditions of "deep depression & ADHD, bipolar [disorder], flashbacks, & nightmares." (Id.) He further alleges that "because of the set up now I have a drug charge on my record for life." (Id.)

In addition to the two officers who arrested him, plaintiff names as defendants Police Commissioner Raymond Kelly, "because he is responsible for the training of the stop and frisk program," and the City of New York, "under the Monell claim." (Id. at 7.) He alleges that the N.Y.P.D. has a stop-and-frisk policy that violates citizens' constitutional rights and is "turning the public against the N.Y.P.D." (Id. at 9.) Plaintiff alleges that the defendants violated his constitutional rights under the Fourth and Eighth Amendments, and he seeks $4 million in damages. (Id. at 8-9.)

## DISCUSSION

### A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint

in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus. 551 U.S. 89, 94 (2007); DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010). The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest, Abbas, 480 F.3d at 639. If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

### B. Claims against the N.Y.P.D.

The police department and police precincts or subdivisions are not suable entities. The

police department is an agency of New York City, and the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Therefore, Rodriguez's claims against the 83rd Precinct of the N.Y.P.D. are dismissed with prejudice.

### C. Claims against the City of New York

Municipalities such as the City of New York can be liable under 42 U.S.C. § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Walker v. City of New York, No. 07-cv-1543 (JG), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) ("A plaintiff is required to allege both the existence of a policy or custom and a causal connection between that policy and the unconstitutional conduct"). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985); Hartnagel v. City of New York, No. 10-cv-5637 (TLM), 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012).

Here, plaintiff alleges that the N.Y.P.D. has a stop-and-frisk policy that violates citizens' constitutional rights, and that defendant Commissioner Raymond Kelly is "responsible for the training of the stop-and-frisk program." (Compl. at 7.) The Court cannot now determine that plaintiff's allegations against the City of New York fail to state a claim for relief; therefore, the claims against the City of New York may proceed.

## E. Claims Against Sergeant Knapp, Officer Mcrann, Police Commissioner Raymond Kelly

As a prerequisite to a damage award under Section 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). Here, although the extent of Sergeant Knapp's and Officer Mcrann's involvement is not entirely clear from the complaint, Rodriguez appears to allege at least that these officers engaged in violations of his constitutional rights in connection with the investigatory stop and arrest. (Compl. at 4-5.)

It is unclear from the complaint whether plaintiff brings suit against Commissioner Kelly in his individual or official capacity. To the extent Rodriguez brings suit against Commissioner Kelly only in his official capacity, i.e., in his capacity as Police Commissioner, this claim is dismissed as duplicative of plaintiff's claims against the City, because a suit for monetary damages against a municipal official in his official capacity is "no different" from a suit against the municipality itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Goldberg v. Town of Rocky Hill, 973 F.2d 70, 73 (2d Cir. 1992). However, to the extent Rodriguez sues Commissioner Kelly in his individual capacity, those claims may proceed. In his complaint, Rodriguez does not rely merely upon a theory of supervisory liability, but rather specifically alleges that the Commissioner is "responsible" for training under the allegedly unconstitutional stop-and-frisk policy. (Id. at 7). The Court cannot say at this juncture that this claim lacks merit. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) ("The personal involvement of a supervisory defendant may be shown by evidence that ... the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom").

As Rodriguez has alleged that Sergeant Knapp, Officer Mcrann, and Police Commissioner Raymond Kelly personally engaged in violations of his civil rights, his Section 1983 claims against each defendant in their individual capacities may proceed.

**D. Claims That May Proceed**

Rodriguez alleges that he suffered "abuse of power, brutality, malicious prosecution, racial profiling, ... [and] [d]eliberate indifference to [his] serious medical needs." (Compl. at 8). Rodriguez also appears to allege that the defendant officers lacked probable cause for his arrest. (Id. at 5-6). The Court liberally construes these allegations as causes of action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for illegal search and seizure, false arrest, false imprisonment, malicious prosecution, and excessive force in violation of the Fourth Amendment; and for denial of equal protection of the law, deliberate indifference to medical needs, and excessive force under the Fourteenth Amendment. Each of these claims may proceed as so construed by the Court.

Rodriguez also alleges that he suffered violations of his rights under the Eighth Amendment. The Eighth Amendment, however, does not apply until "after conviction and sentence." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999) (citing Graham v. Connor, 490 U.S. 386, 392 n. 6 (1989)). Because the incidents alleged in Rodriguez's complaint occurred in connection with his arrest and post-arrest detention, not after conviction and sentence, the Eighth Amendment does not apply. To the extent Rodriguez intends to proceed with a claim that the defendant officers used excessive force in the course of the investigative stop and arrest, that claim is properly brought pursuant to the Fourth Amendment's "reasonableness" standard. See Graham, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an

7

arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment"). Any claim that Rodriguez was subjected to mistreatment while detained at the precinct--including claims for excessive force and deliberate indifference to plaintiff's medical needs--may be brought pursuant to the Fourteenth Amendment's due process clause. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) ("Instead [of the Eighth Amendment], a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under ... the Due Process Clause of the Fourteenth Amendment if [the pretrial detainee is] held in state custody.... [A] claim for indifference to the medical needs of [plaintiff], as a pretrial detainee in state custody, was properly brought under the Due Process Clause of the Fourteenth Amendment." (internal citations omitted)); Walsh, 194 F.3d at 47-48 ("[T]he right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment" (citing Bell v. Wolfish, 441 U.S. 520 (1979)); Brown v. Doe, 2 F.3d 1236 (2d Cir. 1993) (excessive force claim arising from beating by guards while defendant was detained at county jail following his arrest was properly brought pursuant to the due process clause); Coleman v. City of New York, 07-cv-1051 (CM), 2010 WL 571986, at *4 (S.D.N.Y. Feb. 2, 2010) (claim of excessive force at police precinct following arrest was governed by the Fourteenth Amendment's due process clause).

Therefore, the Court dismisses Rodriguez's claims under the Eighth Amendment. Nevertheless, giving Rodriguez's complaint the liberal construction afforded to prose litigants, if Rodriguez wishes to proceed on claims of excessive force and deliberate indifference to his medical needs, he may do so by asserting claims arising under the Fourth or Fourteenth

Amendments, as set forth above.

## CONCLUSION

All of the claims against the N.Y.P.D. are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against the agency or the 83rd Precinct. The Clerk of Court is directed to amend the caption to reflect the dismissal of this defendant.

For now, plaintiff's claims shall proceed against Sergeant Knapp, Officer Mcrann, Police Commissioner Raymond Kelly, and the City of New York. The Clerk of Court is respectfully requested to issue summonses to these defendants, and the United States Marshals Service is directed to serve the Complaint, this Order, and the summonses on them. The Clerk of Court shall mail a copy of this Order and the Complaint to the New York City Law Department's Federal Litigation Unit and to plaintiff.

The Court refers this matter to Magistrate Judge Vera Scanlon for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, N.Y.
November 8, 2012

Carol Bagley Amon
Chief United States District Judge